UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KEVIN LEE DIXIE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:12 CV 435 |
|  | ) |  |
| DUPONT HOSPITAL, and | ) |  |
| ST. JOSEPH HOSPITAL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Kevin Lee Dixie, a *pro se* plaintiff, has filed a form "Complaint" seeking relief under 42 U.S.C. § 1983 (DE # 1) along with a Motion for Leave to Proceed *In Forma Pauperis* (DE # 3). As explained below, however, Dixie's complaint does not state a cognizable claim upon which relief could be granted. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Dixie's motion will be denied and his complaint will be dismissed.[1]

## I. BACKGROUND

Dixie's complaint is difficult to understand, but it appears to accuse defendant St. Joseph Hospital of denying him admittance and refusing to believe his "detox claim" on

---

[1] This is not the first *pro se* complaint Dixie has filed in this court. Dixie has a long history of filing lawsuits with this court, and to date, six of Dixie's *pro se* complaints have been dismissed for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Dixie v. Avery,* 1:09CV269, dismissed by Judge William Lee; *Dixie v. Gerardot,* 1:11CV22, dismissed by the undersigned; *Dixie v. Kay et al.,* 1:11CV23, dismissed by Judge Theresa L. Springmann; *Dixie v. United States Postal Service,* 1:12CV112, dismissed by Judge William Lee; *Dixie v. Wells Fargo Bank of Indiana NA,* 1:12CV113, dismissed by Chief Judge Philip P. Simon; *Dixie v. Fort Wayne Rescue Mission,* 1:12CV436, dismissed by Chief Judge Philip P. Simon. Another suit is now pending before Judge Theresa L. Springmann. *Dixie v. Van Rye et al.,* 1:12CV438.

December 6, 2012. Dixie further alleges that St. Joseph emergency room doctors told him that a psychiatrist would come to the emergency room, but the psychiatrist never came. Dixie also complains that St. Joseph personnel made him sign his name. Additionally, Dixie alleges that after he had a blood test at St. Joseph Hospital, he requested a snack and was given food that tasted rotten. Finally, Dixie alleges that he waited over two hours in the emergency room at St. Joseph.

Dixie claims he received a second opinion at Dupont Hospital, and encountered a man with a beard who had been following him around town. Dixie claims that the man gave him a ride about a month prior, but at that point the man's face was clean shaven. Dixie's complaint suggests that he has also seen this man at the Fort Wayne Rescue Mission. Dixie also alleges that he waited over two hours in the emergency room at Dupont.

Dixie demands $100,000 from defendants for medical malpractice, "hospital liability," and negligence.

## II. DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the

action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Dixie's allegations do not state a plausible claim for relief. A § 1983 action may be maintained only against a defendant who acts under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Private actors, such as the non-governmental defendants named here, can be said to act under color of state law only if their conduct is fairly attributable to the state. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Dixie makes no allegations that would support a plausible claim that the hospitals acted under color of state law. In certain limited circumstances a private company may be deemed to have

acted under color of state law where it acted in concert with a state actor. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). Here, however, Dixie does not specifically allege, nor can it be plausibly inferred from the complaint, that anyone associated with the hospitals conspired with a state actor to deprive him of his constitutional rights. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693-94 (7th Cir. 2005). Accordingly, Dixie has stated no actionable § 1983 claim for relief against defendants.

## III. CONCLUSION

Dixie has filed numerous cases in this district over the past several years, and this is now the seventh one to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dixie is cautioned that if he continues to file lawsuits that are deemed frivolous, it may be necessary for the court to enter an injunction allowing for "the threshold review of a litigant's documents to ensure that those documents are neither duplicative nor frivolous." *In re Davis*, 878 F.2d 211, 212 (7th Cir. 1989).

For the foregoing reasons, Dixie's Motion for Leave to Proceed *In Forma Pauperis* (DE # 3) is **DENIED**, and his complaint (DE # 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Date: December 17, 2012

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT